## Ment v Onondaga County Comm. of the Conservative Party of N.Y. State

2025 NY Slip Op 30918(U)

March 21, 2025

Supreme Court, Onondaga County

Docket Number: Index No. 010157/2024

Judge: William F. Ramseier

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At a term of Supreme Court held in and
for the County of Onondaga, in the City
of Syracuse, New York on the 20th day of
March, 2025.

PRESENT: HONORABLE WILLIAM F. RAMSEIER
Supreme Court Justice

STATE OF NEW YORK
SUPREME COURT      COUNTY OF ONONDAGA

_____

BERNARD MENT, et al,

                                    Petitioners/Plaintiffs,

        -vs-

ONONDAGA COUNTY COMMITTEE OF THE
CONSERVATIVE PARTY OF NEW YORK STATE,
ROBERT GRAHAM AND NANCY ROBERTS, et al,

                                    Respondents/Defendants.

_____

**DECISION
AND
ORDER**

Index No. 010157/2024

Petitioners move this Court for a motion to reargue pursuant to CPLR §2221[d]
and to renew pursuant to CPLR 2221[e]. Respondents oppose.

A motion for leave to reargue pursuant to CPLR § 2221 "may be granted only upon
a showing that the court overlooked or misapprehended the facts or the law, or for some
reason mistakenly arrived at its earlier decision." *Andrea v E.I. Du Pont De Nemours &
Co.*, 289 AD2d 1039, 1040-41 [4th Dept 2001]. Motions for reargument are addressed to
the sound discretion of the court. *Delcrete Corp. v Kling*, 67 AD2d 1099, 1100 [4th Dept
1979].

Petitioners directs the Court to *Glen Wild Land Company, LLC v Town of
Thompson*, 233 AD3d1136 [3rd Dept 2024][wherein the underlying Supreme Court order
did not address the number of valid signatures for a referendum petition] and 22 NYCRR

1

[* 1]

202.64. The premise of Petitioners' argument is that this Court failed to make factual findings in its February 6, 2025 decision. The Court disagrees and finds that Petitioners have failed to direct the Court to any law or facts that the Court overlooked or misapprehended.

A motion to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination." CPLR §2221[e]. Petitioners' motion to renew only rehashes allegations and arguments already considered in the Court's underlying decision. As such, the Court finds that Petitioners failed to present any new facts as required.

It is therefore,

ORDERED that the Petitioners motion to reargue is DENIED; and it is further

ORDERED that Petitioners motion to renew is DENIED.

March 21, 2025
Watertown, New York

ENTER

_____
WILLIAM F. RAMSEIER
Supreme Court Justice

2